FRITZ LAUE, APPELLEE, V. JULIA BRADDOCK, APPELLANT.

FILED NOVEMBER 13, 1922. No. 22143.

Equity. "Equity seeks the real and substantial rights of the parties, and applies the remedy in such manner as to relieve those having the controlling equities." *Weckerly v. Taylor*, 77 Neb. 886.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*E. D. Crites, F. A. Crites* and *Good & Good,* for appellant.

*Lee Card, contra.*

Heard before MORRISSEY, C. J., LETTON, ALDRICH and DAY, JJ., SHEPHERD, District Judge.

ALDRICH, J.

In November, 1914, William Braddock, now deceased, entered into a partnership agreement with the plaintiff, Fritz Laue, and Richard Laue, who shortly afterwards retired from the business with the consent of Braddock. The agreement was to run for five years, ending in May, 1919, and covered the raising of live stock, the breeding and sale thereof, and the use of land owned by William Braddock for that purpose. While the agreement is in form a lease, it is recognized by both parties in their pleadings as a partnership agreement. According to the arrangement Laue lived on the land and had personal supervision of the business with the advice and aid of Braddock, who lived in town. Subsequently more land was added to the ranch covered by the partnership, part of it by purchase by Mr. Braddock, and part by lease. Plaintiff contends that the land which Mr. Braddock

bought was to be used by the partnership free of charge; that at all times the plaintiff was to furnish the labor and Braddock the land—that is, the deeded land. As to the leased land there is no controversy, plaintiff admitting that they were to share equally in the rental charge.

On January 7, 1917, Mr. Braddock died, leaving a will by which all the land owned by him was left in trust for his children, and all of his personal property was left to Mrs. Braddock, the defendant herein, for her use. A part of the will refers to the cattle-raising business carried on by the testator during his lifetime. This reads as follows: "My business for many years has been that of a ranchman and conducted on the lands devised to my said daughters, with live stock and other personalty bequeathed to my said wife. * * * It is my desire that if practicable that said business be continued after my decease, my said wife using said land, and paying into the trust created by the second paragraph of this will such sum, in lieu of rental therefor, as shall, by the probate court of the county of my residence at the time of my decease, be determined to be fair under all the circumstances."

Thereafter Mrs. Braddock, the defendant herein, and widow of William Braddock, entered into an arrangement with Mr. Laue to continue the business for the remainder of the period covered by the original partnership agreement, which had yet two years and four months to run. The evidence is conflicting as to the exact nature of this arrangement, Mrs. Braddock contending that the plaintiff Laue, agreed to bear one-half the expenses of rent for the land as required by the will, and plaintiff contending that there was no agreement whatever on that subject, and that it was never mentioned between the parties.

The parties, on May 10, 1919, agreed to a division of the stock which they had theretofore owned jointly as partners, and the partnership was dissolved. They were

unable, however, to agree as to numerous items claimed. On September 20, 1920, plaintiff instituted this action in equity for a partnership accounting. Plaintiff claimed the sum of $1,715.51 on account of feed purchased, advances made by him, cattle purchased, etc., conceded that $271 was owing to defendant on account of small items which had not been settled, and prayed for judgment in the sum of $1,444.01. In her answer defendant denied that she owed anything to plaintiff, and alleged various items were owing from him to her, chief among which is one-half of the rental on the lands involved which she was required to pay. The total amount of her claims was $3,491.36, and she also prayed for an accounting.

The case was tried by the court and judgment was rendered in plaintiff's favor for $1,291.04, with interest, making a total of $1,454.21. There was a special finding that the defendant was not entitled to recover any rentals for the land. Defendant appeals.

From the foregoing facts it is easy to determine the intention of the parties originally. The same relation was to continue between them for the balance of the lease. It is plain that the plaintiff was to perform the work and labor in running this ranch, and that the defendant was to furnish the real estate the same as Braddock had done during his lifetime. The plaintiff and defendant continued to carry on the business after Braddock's death on the same terms as originally. In making a division of this partnership property and in deciding the rights and liabilities of the parties under the arrangement, we must be governed by an application of law which is reasonable, fair and just. The record shows that plaintiff did not agree to pay one-half the rentals for what had been Braddock's land—the deeded land used by the original partnership. In paying the rent for this land the defendant did nothing more than keep in force and effect the original partnership agreement, and carried out the expressed wish of the deceased partner. According to the will it was optional as to whether or not the widow

should continue the live stock business. She decided to carry on the business with plaintiff as her partner, and the evidence preponderates in favor of plaintiff's contention that the terms and conditions of the original partnership agreement were to be followed. Defendant's claim for rents, alleged to be chargeable to plaintiff, embraced the leasing of 5,760 acres of land from January 7, 1917, to May 12, 1919, at 40 cents an acre *per annum*, which was the rental charge fixed by the county court in the probate of William Braddock's will. This made a total of $5,376 claimed by defendant for rents. For the reasons stated the same is hereby disallowed, and the finding of the court below on this question is affirmed.

The primary object and purpose of equity courts being called upon to dissect and analyze the difficulties existing between litigants is to apply the remedies in a just manner to so relieve the situation as to give him the remedy and relief who has the controlling equities. When this is done substantial justice will have been done and equity will prevail.

Both parties asked for a partnership accounting in the court below. We are satisfied with the conclusion reached by the trial court, and the judgment is

AFFIRMED.